| B 104 Rev. (2/92) | ADVERSARY PROCEEDING NUMBER |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | (Court Use Only) |

| PLAINTIFFS<br><br>Ercell Webb III | DEFENDANTS<br><br>GMAC Mortgage, LLC |
|---|---|
| ATTORNEYS (Address and Telephone No.)<br>Law Office of Douglas M. Heagler<br>901 Booneslick Rd.<br>St. Charles, MO 63301<br>(636) 278 2778 | ATTORNEYS (If Known) |

**PARTY** (Check one box only)  ( ) U.S. PLAINTIFF  ( ) U.S. DEFENDANT  (X) U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Action to declare lien and encumbrance invalid  Secs. 506(a); 1322(b)(2)

**NATURE OF SUIT**
(Check all causes of action in the complaint)

| | | |
|---|---|---|
| ( ) To Recover Money or Property | ( ) To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan | (X) To obtain a declaratory judgment relating to any of foregoing causes of action |
| (X) To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property | ( ) To determine the dischargeability of a debt 11 U.S.C. § 523 | ( ) To determine a claim or cause of action removed to a bankruptcy court |
| ( ) To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ( ) To obtain an injunction or other equitable relief | ( ) Other (specify) |
| ( ) To object or to revoke a discharge 11 U.S.C. § 727 | ( ) To subordinate any allowed claim or interest except where such subordination is provided in a plan | |

| ORIGIN OF PROCEEDINGS<br>(check one box only.) | (X) Original Proceeding  ( ) Removed Proceeding  ( ) Reinstated or Reopened<br>( ) Transferred from Another Bankruptcy Court | ( ) CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|

| DEMAND $ | OTHER RELIEF SOUGHT<br>Declaration | G JURY DEMAND (Check only if demanded in complaint) |
|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR: Gabriel Anderson and Faye Anderson | BANKRUPTCY CASE NO.<br>10-46624-399 |
|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>E.D.Mo. | DIVISIONAL OFFICE | NAME OF JUDGE<br>Barry Schermer |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF<br>none | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

(L.F. 18 Rev. 05/03)

| FILING FEE (Check one box only)   ( ) FEE ATTACHED   ( X ) FEE NOT REQUIRED   ( ) FEE IS DEFERRED | | |
|---|---|---|
| DATE<br>5/11/2011 | PRINT NAME<br>Douglas M. Heagler | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/Douglas M. Heagler |

## ADVERSARY PROCEEDING COVER SHEET (Reverse Side)

This cover sheet must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney) and submitted to the clerk of the court upon the filing of a complaint initiating an adversary proceeding.

The cover sheet and the information contained on it *do not* replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. This form is required for the use of the clerk of the court to initiate the docket sheet and to prepare necessary indices and statistical records. A separate cover sheet must be submitted to the clerk of the court for each complaint filed. The form is largely self explanatory.

**Parties.** Give the names of the parties to the adversary proceeding *exactly* as they appear on the complaint. Give the names and addresses of the attorneys if known. Following the heading "Party", check the appropriate box indicating whether the United States is a party named in the complaint.

**Cause of Action.** Give a brief description of the cause of action including all federal statutes involved. For example, "Complaint by trustee to avoid a transfer of property by debtor, 11 U.S.C. § 544."

**Nature of Suit.** Place an "X" in the appropriate boxes. If the cause fits more than one category of suit, select all that apply.

**Origin of Proceedings.** Check the appropriate box to indicate the origin of the case.
         1. Original Proceeding.
         2. Removed from a State or District Court.
         4. Reinstated or Reopened.
         5. Transferred from Another Bankruptcy Court

**Class Action.** Place an "X" in this box if you are filing a class action under Rule 23, Fed.R.Civ.P., as made applicable by Bankruptcy Rule 7023.

**Demand.** In this space enter the dollar amount being demanded in the complaint. If no monetary demand is made, enter "XXXX". If the plaintiff is seeking non-monetary relief, state the relief sought, such as injunction or foreclosure of a mortgage.

**Jury Demand.** Check the box only if a jury trial is demanded in the complaint.

**Bankruptcy Case In Which This Adversary Proceeding Arises.** Enter the name of the debtor and the docket number of the bankruptcy case from which the proceeding now being filed arose. Beneath, enter the district and divisional office where the case was filed, and the name of the presiding judge.

**Related Adversary Proceedings.** State the names of the parties and the adversary proceeding number from any adversary proceeding concerning the same two parties or the same property currently pending in any bankruptcy court. On the next line, enter the district where the related case is pending, and the name of the presiding judge.

**Filing Fee.** Check one box. The fee must be paid upon filing unless the plaintiff meets one of the exceptions. The fee is not required if the plaintiff is the United States government or the debtor or a child support creditor who seeks a waiver by filing local form "Appearance of Child Support Creditor or Representative". If the plaintiff is the trustee or a debtor in possession, and there are no liquid funds in the estate, the filing fee may be deferred until there are funds in the estate. (In the event no funds are ever recovered for the estate, there will be no fee). There is no fee for adding a party after the adversary proceeding has been commenced.

(L.F. 18 Rev. 05/03)

**Signature.** This cover sheet must be signed by the attorney of record in the box on the right of the last line of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is *pro se*, that is, not represented by an attorney, the plaintiff must sign.

The name of the signatory must be printed in the box to the left of the signature. The date of the signing must be indicated in the box on the far left of the last line.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Ercell Webb | ) | |
| | ) | CASE NO. 10-46624-399 |
| Debtors | ) | Chapter 13 |
| | ) | |
| _____ | ) | |
| | ) | |
| Ercell Webb III, | ) Adversary No. | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| GMAC Mortgage, LLC, | ) | |
| | ) | COMPLAINT TO DETERMINE THE |
| Defendant. | ) | EXTENT AND VALIDITY OF |
| | ) | LIENS, CLAIMS, AND |
| | ) | ENCUMBRANCES AGAINST |
| | ) | PROPERTY OF THE ESTATE |
| | ) | |
| _____ | ) | |

**COMPLAINT TO DETERMINE THE EXTENT AND VALIDITY OF LIENS
CLAIMS AND ENCUMBRANCES AGAINST PROPERTY OF THE ESTATE**

Ercell Webb III (hereinafter the "Plaintiff") complain of GMAC Mortgage, LLC, (hereinafter the "Defendant") and pray for entry of a judgment determining the nature, extent and validity of any claims held by any or all of the Defendant herein against property of this estate.

### I. JURISDICTION

1. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §1334.

### II. VENUE

2. Venue of this proceeding lies in the *United States Bankruptcy Court for the Eastern District of Missouri, Eastern Division*, pursuant to 28 U.S.C. §1409(a) in that the Plaintiffs herein, initiated a voluntary petition under Chapter 13 of the Bankruptcy Code on April 30, 2010 and such case continues and is pending as of the date of this complaint.

## III. CORE PROCEEDING

3. This is a core proceeding under 28 U.S.C. §157(b)(2)(K).

## IV. CASE FACTS

4. On June 15, 2010 Plaintiffs herein filed a voluntary petition seeking relief under Chapter 13 of the Bankruptcy Code. John V. LaBarge, Jr. is the trustee appointed to serve in this case.

5. On the date of the bankruptcy petition herein, the above named estate was the owner fee simple of the following real estate: 115 Churchill, Maryland Heights, MO 63043 (hereinafter the "Real Property"). As more fully described as follows:

FEE FEE ACRES Lot 17, PB71 PG;

6. Plaintiff listed the real property as having a value of $175,000.00 on Schedule A.

7. According to an Appraisal dated July 19, 2010, the value of the real property is $151,236.00.

8. The Plaintiff executed a First Note and Deed of Trust in favor of HSBC Mortgage Services, Inc., on or about August 28, 2006. The outstanding balance on first mortgage to of HSBC Mortgage Services, Inc. as of June 15, 2010 was $201,838.98.

9. The Plaintiff executed a Second Note and Deed of Trust in favor of Defendant or its predecessor in interest, on or about August 28, 2006. The outstanding balance on this debt as of June 15, 2011 was approximately $34,502.54. This is the second consensual mortgage the Plaintiff granted as to the Real Property.

10. Pursuant to 11 U.S.C. §1322(b)(2), the Plaintiff's Plan in a Chapter 13 proceeding may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims..." Pursuant to 11 U.S.C. §506(a): "An allowed claim of a creditor secured by a lien on property in which the estate has an interest... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such claim." Pursuant to 11 U.S.C. §506(d): "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void.. ."

11. Pursuant to §§506(a), 506(d) and 1322(b)(2), the rights of a holder of a claim secured by a lien on the Plaintiff's residence is subject to modification if the value of the property subject to the lien is less than the sum of allowed amounts of senior liens thereon. The rights of such junior lien holders are subject to modification, including treatment of their claims as general unsecured claims and the liens subject to removal upon granting of a Chapter 13 discharge.

12. The subject real property having a market value no more than $151,236.00 on the date of filing and being subject to valid superior liens for claims in the total amount of $207,838.98, the claim of the Defendant herein is secured by no value in excess of the superior liens. The claim of Defendant herein is not "secured" within the meaning of §506(a) and is subject to modification.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter its judgment and Order determining that Defendant herein is the holder of a general, unsecured claim and the lien in the form of a Deed of Trust attaching to the Real Property be released upon granting of a Discharge pursuant to §1328(a).

Respectfully Submitted
THE HEAGLER LAW FIRM

Date: 5/11/2011

/s/ Douglas M. Heagler
Douglas M. Heagler, #, #48952
Attorney for Debtor
901 Booneslick Rd.
St. Charles, MO 63301
Phone: (636) 278-2778
Fax: (866) 371-9155
Email: dheagler@freshstartbk.com